Filed 4/21/14  P. v. Jennings CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057061 |
| v. | (Super.Ct.No. RIF1202184) |
| DESTINY CAROLINE JENNINGS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Jean P. Leonard, Judge. Affirmed.

Gail Ganaja, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Charles C. Ragland and Marissa Bejarano, Deputy Attorneys General, for Plaintiff and Respondent.

1

Following trial, a jury convicted defendant and appellant Destiny Caroline Jennings of unlawfully possessing methamphetamine for sale (Health & Saf. Code, § 11378) and found her two prior drug conviction allegations to be true. (Health & Saf. Code, § 11370.2, subd. (a).) She was sentenced to eight years, split into six years in county jail and two years on supervised release. Defendant appeals, contending the trial court erred in admitting evidence of her prior convictions for possession for sale in order to prove her intent and knowledge.

## I. FACTS

On April 13, 2012, a probation search of defendant's residence resulted in the discovery of two bags containing a combined total of 31.7 grams of methamphetamine, a digital scale with methamphetamine residue on the surface, $2,253 in cash (mostly in $20 bills), and two locked cell phones. Detective Ron Kipp of the Riverside Police Department, an expert in drug-related criminal activity, opined that an ounce of methamphetamine, a scale, two locked cell phones, and approximately $2,000 in cash was evidence defendant was selling methamphetamine rather than merely possessing it for personal use.

The prosecution presented evidence of defendant's two prior convictions for possession of methamphetamine for sale. Deputy Steven Leone of the Riverside County Sheriff's Department testified about two previous incidents involving defendant. In the first incident in June 2009, police searched defendant's residence and found her stuffing a bag of methamphetamine into a bleach bottle. The deputy opined this behavior was consistent with a person attempting to get rid of the evidence. Police recovered 10.1

2

grams of methamphetamine, plastic baggies, four digital scales, $1,800 in cash, a razor blade, and pay-owe sheets.  In the second incident in August 2010, police searched defendant's residence and found 2.3 grams of methamphetamine, plastic baggies, two digital scales, two cell phones, a glass pipe, a straw, a spoon, and pay-owe sheets.

## II.  ADMISSION OF PRIOR CONVICTIONS EVIDENCE

Defendant contends the trial court erred in admitting evidence of her two prior convictions for possession of methamphetamine for sale, because the incidents were insufficiently similar to show that she harbored the same intent in the present case as she had in the past cases.  Further, she claims the probative value of the evidence was outweighed by its prejudicial effect.

### A.  Further Background Facts

Prior to trial, the People moved, pursuant to Evidence Code section 1101, subdivision (b),[1] to introduce evidence of defendant's June 2009 and August 2010 methamphetamine sales convictions to prove intent and knowledge.  These convictions also were alleged as enhancements.  The trial court heard argument from both sides.  As to the June 2009 incident where defendant dumped methamphetamine into a bleach bottle to destroy the narcotics, the prosecutor argued that attempting to dispose of evidence went towards defendant's knowledge that she possessed a controlled substance for sale.

---

[1] Evidence Code section 1101, subdivision (b) provides, in pertinent part: "Nothing in this section prohibits the admission of evidence that a person committed a crime . . . or other act when relevant to prove some fact (such as . . . intent, . . . plan, . . . [or] absence of mistake or accident . . . other than his or her disposition to commit such an act."

Defense counsel countered that knowledge was not at issue in this case and the evidence was not sufficiently similar to show intent because no bleach bottle was found in the current case. Regarding the August 2010 incident, the prosecutor argued the evidence of methamphetamine and scales was sufficiently similar to the instant case to show that defendant's business was selling methamphetamine. Defense counsel replied that the presence of pay-owe sheets and plastic baggies in the prior case made it dissimilar to the current case.

The trial court ruled that the prior convictions were admissible under Evidence Code section 1101, subdivision (b), to show defendant's knowledge of the nature and character of the methamphetamine as a controlled substance, her intent to sell the drugs, and lack of mistake. The trial court noted the evidence also showed a pattern that indicted more than just mere possession and possibly sales.

Defense counsel then submitted that the prior offenses should be excluded under Evidence Code section 352 on the grounds they had no probative value, would be used to show propensity, and would be highly prejudicial and confusing. The court weighed the probative value against the potential for prejudice and concluded the probative value of the prior offenses outweighed any undue prejudice or confusion, because defendant had already been convicted and punished for those crimes. Moreover, the court noted there were consequences for being convicted of selling narcotics, and thus, the jury should be able to decide what weight to give each prior offense when determining whether the elements of the charged crime were met.

4

At the end of trial, the jury was admonished not to consider the prior convictions as propensity evidence. Jurors were told that defendant's prior convictions could only be used for the limited purpose of deciding whether defendant intended to sell methamphetamine and whether she knew she possessed a controlled substance.

**B. Standard of Review**

"Evidence Code section 1101, subdivision (b), permits the admission of other-crimes evidence against a defendant 'when relevant to prove some fact (such as motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident . . .) other than his or her disposition to commit such an act.' [Citation.] '[Evidence Code] [s]ection 1101 prohibits the admission of other-crimes evidence for the purpose of showing the defendant's bad character or criminal propensity.' [Citation.] As with other circumstantial evidence, its admissibility depends on the materiality of the fact sought to be proved, the tendency of the prior crime to prove the material fact, and the existence or absence of some other rule requiring exclusion. [Citation.]" (*People v. Whisenhunt* (2008) 44 Cal.4th 174, 203.)

"The probative value of the uncharged offense evidence must be substantial and must not be largely outweighed by the probability that its admission would create a serious danger of undue prejudice, of confusing the issues, or of misleading the jury. [Citation.]" (*People v. Kipp* (1998) 18 Cal.4th 349, 371.)

The trial court's rulings on the admissibility of evidence under Evidence Code sections 1101 and 352 are reviewed for abuse of discretion. (*People v. Davis* (2009) 46 Cal.4th 539, 602.) We generally find reversible error only if the court's exercise of discretion was arbitrary, capricious, and resulted in a miscarriage of justice. (*People v. Williams* (2009) 170 Cal.App.4th 587, 606 [Fourth Dist., Div. Two].)

## C. Analysis

In *People v. Ewoldt* (1994) 7 Cal.4th 380, the court explained that the requisite degree of similarity between the uncharged misconduct and the charged offense varies depending upon what fact the evidence is offered to prove. (*Id.* at pp. 402-403.) The least degree of similarity is required when the evidence is offered to prove the defendant's intent. (*Id.* at p. 402.) Furthermore, "[i]n prosecutions for drug offenses, evidence of prior drug use and prior drug convictions is generally admissible under Evidence Code section 1101, subdivision (b), to establish that the drugs were possessed for sale rather than for personal use and to prove knowledge of the narcotic nature of the drugs. [Citation.]" (*People v. Willams*, *supra*, 170 Cal.App.4th at p. 607; see also *People v. Ellers* (1980) 108 Cal.App.3d 943, 953 [evidence of defendant's prior dealing relationship with informant was admissible "to prove knowledge of the narcotic nature of the heroin he sold" and "his intent to sell it"]; *People v. Pijal* (1973) 33 Cal.App.3d 682, 691 [evidence of prior narcotics offenses admissible to show knowledge, motive, and intent where defendant's "knowledge of the narcotic contents of the drug and his intent to sell were at issue"].)

Defendant faults the trial court for admitting evidence of her prior convictions on the grounds they were not sufficiently similar to her charged offense to allow the inference that she harbored the same intent to sell all three occasions, and they provided cumulative evidence of her knowledge of the narcotic nature of the substance recovered by the police. Regarding intent, she argues that her prior convictions were "markedly different from the current case," focusing on the fact that the current case lacked any evidence of "packing material, e.g., baggies," or "pay-owe sheets which kept track of the drug sales and the amounts paid or due." We disagree.

Viewed in the light most favorable to the trial court's ruling, the incidents were very similar: in all three incidents, the controlled substance was methamphetamine; it was found in defendant's residence in large quantities (2009—10.1 grams; 2010—2.3 grams; and 2012—31.7 grams); in two incidents defendant attempted to disassociate herself from the methamphetamine by discarding it before contact with the officer; in all three incidents she possessed digital scales used to weigh methamphetamine for sales; and in two incidents she possessed cell phones and a large amount of cash (2009—$1,800 and 2012—$2,253 (mostly $20 bills)). The similarities of the items found in the prior cases and the current case constituted convincing evidence that defendant knew of the presence of the large quantities of methamphetamine and its nature and she intended to possess it for sale. The absence of plastic baggies or pay-owe sheets is insignificant because exact similarity between the charged and uncharged acts is not required to prove intent. Rather, it is only required that they be similar enough to permit an inference. (*People v. Rowland* (1992) 4 Cal.4th 238, 261.) That other items evidencing possession

7

for sale were present in the prior incidents does not negate the remaining distinct similarities.

Furthermore, the probative value of defendant's prior conduct outweighed the prejudice. Defendant's prior convictions were relevant to disprove facts that might have negated her intent to possess the drugs for sale. The conduct was very similar and recent, no more inflammatory than the current offense, and the jury was aware that defendant had gone to prison and been punished for her prior conduct, which "substantially mitigates the kind of prejudice usually associated with the introduction of prior bad act evidence." (*People v. Jennings* (2000) 81 Cal.App.4th 1301, 1315.) Nonetheless, defendant notes that during deliberations the jury asked about defendant's income and monthly expenses, whether she had been recently drug tested and the results of any tests, and why her cell phone records were not subpoenaed. She argues this suggests that deliberations were so close that the admission of her prior convictions was prejudicial. We disagree. The court instructed the jury on the limited purpose of the evidence of her prior convictions. We must assume the jury followed these instructions. (See *People v. Sanchez* (2001) 26 Cal.4th 834, 852.)

In view of the foregoing, we conclude defendant has failed to show that the trial court abused its discretion by admitting the evidence.

## III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

RICHLI
             J.

MILLER
             J.